IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
JEREMIAH A. ARMSTRONG (SBN 253705)
jarmstrong@feinday.com
FEINBERG DAY ALBERTI LIM & BELLOLI LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: 650.618.4360
Facsimile:  650.618.4368

Attorneys for Plaintiff
Way.com, Inc.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAY.COM, INC., a Delaware corporation, | CASE NO. 3:18-cv-4819 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| MOHINDER SINGH, an individual and ONESTOPPARKING.COM, LLC, a Kentucky limited liability company, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Way.com, Inc. ("**Way**") files this Complaint for: (1) misappropriation of trade secrets under the Defend Trade Secrets Act ("**DTSA**"), 18 U.S.C. § 1836, (2) aiding and abetting of misappropriation of trade secrets under the DTSA, 18 U.S.C. § 1836, (3) misappropriation of trade secrets under California Civil Code § 3426, *et seq.*, (4) aiding and abetting of misappropriation of trade secrets under California Civil Code § 3426, *et seq.*, (5) the Computer Fraud and Abuse Act ("**CFAA**"), 18 U.S.C. § 1030, and (6) breach of contract.  Counts I, III, V, and VI are against Defendant Mohinder Singh ("**Singh**").  Counts I-IV are against Defendant OneStopParking.com, LLC ("**OneStopParking**").  Singh and OneStopParking may collectively be referred to as "Defendants."

### PARTIES

1.      Way is a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business at 47627 Lakeview Boulevard, Fremont, California,

1

94538.

2.      Upon information and belief, Singh is a resident of Tracy, California.

3.      Upon information and belief, OneStopParking is a limited liability company organized under the laws of the State of Kentucky with its headquarters and principal place of business at 7821 Commerce Drive, Suite 411, Florence, Kentucky, 41042.  Upon information and belief, OneStopParking offers parking services within this District.[1]

**JURISDICTION AND VENUE**

4.      This action arises under the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  Under 35 U.S.C. § 1331, this Court has original jurisdiction over this controversy for misappropriation of trade secrets claims pursuant to 18 U.S.C. § 1836(c) and for unlawful computer access claims pursuant to 18 U.S.C. § 1030(g).  This Court has supplemental jurisdiction over the controversy for all other claims asserted herein pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of Defendants' tortious conduct giving rise to the claims occurred in this District.

6.      This Court has personal jurisdiction over Defendants.  Upon information and belief, Defendants conduct business within this Judicial District and committed the acts herein alleged within this District.  In addition, the Court has personal jurisdiction over Defendants because it has established minimum contacts with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

**INTRADISTRICT ASSIGNMENT**

7.      Pursuant to Local Rule 3-2(c) and 3-2(d), assignment of this action to the San Francisco Division or Oakland Division is proper because a substantial part of the events giving rise to the claims alleged occurred in the County of Alameda.

**BACKGROUND**

8.      Founded in 2013, Way is an online marketplace for which consumers can purchase

---

[1] *See*, *e.g.*, https://onestopparking.com/San-Francisco-airport-parking-SFO.

movie and event tickets, place restaurant orders for delivery, and reserve parking services.

9.     Way provides a web platform for consumers to research parking facilities near airports and other venues.  Way partners with businesses like hotels to procure parking space inventory that Way then features on its website, where a consumer can compare various parking facilities based on available date ranges, prices, proximity, and amenities.  Upon selecting a parking facility, a consumer can purchase a reservation using Way's ecommerce system.  Upon arrival at the parking facility, the consumer presents the receipt provided by Way as proof of the prepaid reservation.

10.     Way hired Singh as an account manager in December 2016.  During his employment, Singh confirmed receipt of the employee handbook.   A true and correct copy of the employee handbook and the corresponding receipt is attached as **Exhibit A**.

11.     Likewise, during his employment, Singh executed the company's standard Proprietary Information and Inventions Agreement ("**PIIA**").  A true and correct copy of the executed PIIA is attached as **Exhibit B**.

12.     In his role as an account manager, Singh worked closely with Way's parking partners to continuously increase engagement with them and increase revenue for both Way and the partners. Singh worked at Way's Fremont, California, office and he often traveled to partner sites across the United States and Canada to form stronger relationships with partners.

13.     On Friday, July 27, 2018, Singh sent an email to Way's management team, the human resources department, and some colleagues announcing that he was resigning effective immediately:

> WAY management-
>
> This email is to notify you that I am resigning from WAY.com
>
> I know this is a very short notice and I apologize for it.
>
> Please send my last check along with my July commission (leases) to the address you have on file.  I have the company's laptop, I can mail it or drop it off sometime.
>
> My leases have been split amongst the BD team.  They have been notified of which lease they will handle.
>
> Thank you

Thus, Singh did not provide a reason for his resignation and did not inform the recipients of his future career plans.  A true and correct copy of Singh's resignation is attached hereto as **Exhibit C**.

3

14.     Singh had last been physically present at Way's Fremont office on July 25, 2018, but was out of the office on July 26, 2018 even though he was not traveling for business purposes on behalf of Way.  (Singh was not a telecommuting employee and was expected to consistently work at Way's Fremont office when not traveling for business purposes.)   Prior to his July 27, 2018 resignation email, Singh had not informed Way's management team of his intent to leave the company.

15.     On July 28, 2018, Way's chief operating officer, Sharada Bose, was informed by one of Way's parking facility partners that Singh had asked it to partner up with Singh's new company, OneStopParking.

16.     Only July 30, 2018, Way's outside legal counsel, David Farrington, sent Singh a letter notifying him that Way was aware that Singh had been soliciting business from Way's partners on behalf of OneStopParking.  The letter reminded Singh of his legal obligations set forth in the executed PIIA: "Under the PIIA, all information you learned relating to Way's business, including information relating to Way's business partners, including their identity, their relationship with Way, and contact information for those business partners is proprietary information of Way and cannot be disclosed or used by you at any time during or following your employment with Way.   In addition, any information regarding Way's agreements, business practices, financial arrangements, and other aspects of Way's business cannot be disclosed or used by you."   The letter demanded that Singh cease using Way's proprietary information and asked Singh to confirm within five days that he received the letter and would agree to abide the terms of the PIIA.  A true and correct copy of the letter is attached as **Exhibit D**.

17.     As of the filing of this Complaint, Way has not received a response from Singh regarding the requests set forth in Mr. Farrington's letter.

18.     On July 30, 2018, Way sent Singh his final paycheck along with a request that he return the company's laptop by August 5, 2018.  A package containing the laptop was received at Way's Fremont office on August 7, 2018.  An initial inspection of the laptop indicated that Singh attempted to delete files, including Way's sensitive company files, from the laptop's hard drive prior to shipping it back to Way.  The label on the package containing the laptop indicated that Singh sent

4

the package on August 5, 2018—*nine* days after Singh sent Way his resignation email.  A true and correct copy of the letter enclosing Singh's final paycheck and request for return of his Way's laptop is attached as **Exhibit E**.

19.     On July 31, 2018, Way received an email that was sent to Singh's Way corporate account from one of Way's parking facility partners, One Easy Park, Inc.  Attached to the email was a contract between One Easy Park, Inc., and OneStopParking (hereinafter, "**The OneStopParking Contract**").  The OneStopParking Contract's signature block indicated that Singh was the representative for OneStopParking and the contract was signed by a representative of One Easy Park, Inc. on Monday, July 30, 2018—*two* days (constituting a Saturday and Sunday) after Singh sent Way his resignation email.  This inexplicably short timeframe indicates that Singh was working on the contract between One Easy Park, Inc. and OneStopParking while Singh was still employed by Way.  Thus, Singh breached the PIIA even while he was still an employee of Way.  A true and correct copy of The OneStopParking Contract is attached as **Exhibit F**.

20.     Notably, The OneStopParking Contract contains the term "reservation days," which is terminology developed by Way's founder and is used in Way's model contracts.

21.     Way's file server log indicates that Singh accessed an Excel spreadsheet named "Lease accounts – Parking ID (Swati Thakur).xlsx" (hereinafter, "**The Spreadsheet**") on Thursday, July 26, 2018—the day Singh was not present at Way's Fremont office and the day before Singh sent his resignation email.  The Spreadsheet contains highly confidential information about the top revenue generating accounts for Way and details the contractual agreements that Way has with these partners.  The Spreadsheet does not contain any information indicating that particular partner accounts were assigned to Singh; therefore, Singh had no legitimate purpose within the scope of his employment with Way to access The Spreadsheet on the eve of his resignation.  Rather, The Spreadsheet details Way's critical business relationships and pricing model—information that assists efforts by Singh and OneStopParking to recruit new partners and to develop business strategies.  Notably, One Easy Park, Inc., is one of the Way partners included on The Spreadsheet.

22.     Evidence indicates that Singh has improperly accessed and used confidential contractual agreements, detailed clientele data, pricing models, and other valuable company

5

proprietary information—all which Way considers trade secrets (hereinafter, "**Proprietary Information**"). Upon information and belief, OneStopParking has improperly obtained Way's Proprietary Information. The contents of Way's Proprietary Information are the result of significant amount of time, effort, and resources spent on the part of Way's founders and team to prepare business models and to identify and cultivate clientele. Way has spent millions of dollars to refine and perfect its business model.

**COUNT I**
**Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836(b)**
**(Against Singh and OneStopParking)**

23.     Way repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

24.     Way's Proprietary Information includes trade secrets and confidential information that derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

25.     Way's Proprietary Information is subject to efforts that are reasonable under the circumstances to maintain their secrecy.

26.     Way is informed and believes that Singh misappropriated such Way confidential and trade secret Proprietary Information by, *inter alia*, disclosing to OneStopParking or other ventures related to parking services and/or using such information in connection with OneStopParking or other ventures related to parking services despite Singh's duty to limit the use of such confidential and trade secret Proprietary Information only for the benefit of Way.

27.     Way is informed and believes that OneStopParking misappropriated Way's confidential and trade secret Proprietary Information by having Singh disclose and/or use such information for OneStopParking's benefit, while being aware of Singh's duties and obligations to Way to limit the disclosure and use of such information only for the benefit of Way and that such disclosure was in violation of Singh's agreement with Way.

28.     Defendants' misappropriation has caused and continues to cause Way damages and irreparable injury.

29.     Defendants' misappropriation is willful and malicious and thereby entitles Way to an

6

award of exemplary damages.

30.     Defendants' misappropriation of Way's confidential and trade secret Proprietary Information has caused and will continue to cause Way irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting Defendants from further use or disclosure of Way's confidential and trade secret Proprietary Information is necessary to provide Way with complete relief.

**COUNT II**
**Aiding and Abetting Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836(b)**
**(Against OneStopParking)**

31.     Way repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

32.     Way's Proprietary Information includes trade secrets and confidential information that derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

33.     Way's Proprietary Information is subject to efforts that are reasonable under the circumstances to maintain their secrecy.

34.     Way is informed and believes that OneStopParking aided and abetted Singh in the misappropriation of such Way confidential and trade secret Proprietary Information by aiding and abetting Singh's disclosure and/or use of such information, for *inter alia*, ventures related to parking services, including OneStopParking, in violation of Singh's agreement with Way and did so without Way's consent.

35.     OneStopParking's aiding and abetting of Singh's misappropriation has caused and continues to cause Way damages and irreparable injury.

36.     OneStopParking's aiding and abetting of Singh's misappropriation is willful and malicious and thereby entitling Way to an award of exemplary damages.

37.     OneStopParking's aiding and abetting of Singh's misappropriation of Way's confidential and trade secret Proprietary Information has caused and will continue to cause Way irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting OneStopParking from further aiding and abetting Singh's use or disclosure of

Way's confidential and trade secret Proprietary Information is necessary to provide Way with complete relief.

### COUNT III
**Misappropriation of Trade Secrets pursuant to California Civil Code § 3426,** *et seq.*
**(Against Singh and OneStopParking)**

38.     Way repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

39.     Way's Proprietary Information includes trade secrets and confidential information that derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

40.     Way's Proprietary Information is subject to efforts that are reasonable under the circumstances to maintain their secrecy.

41.     Singh misappropriated Way's confidential and trade secret Proprietary Information by disclosing and/or using such information for the advancement and benefit of ventures related to parking services, including OneStopParking, in violation of their respective agreements with Way and did so without Way's consent despite having a duty to limit the use of Way's Proprietary Information only for Way's benefit.

42.     OneStopParking misappropriated Way's confidential and trade secret Proprietary Information by having Singh disclose and/or use such information for the advancement and benefit of OneStopParking, despite being aware of Singh's duties and obligations to Way to limit the disclosure and use of such information only for the benefit of Way and that such disclosure was in violation of Singh's agreement with Way.

43.     Defendants' misappropriation has caused and continues to cause Way damages and irreparable injury.

44.     Defendants' misappropriation is willful and malicious and thereby entitles Way to an award of exemplary damages.

45.     Defendants' misappropriation of Way's confidential and trade secret Proprietary Information has caused and will continue to cause Way irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting Defendants

8

from further use or disclosure of Way's confidential and trade secret Proprietary Information is necessary to provide Way with complete relief.

**COUNT IV**
**Aiding and Abetting Misappropriation of Trade Secrets**
**pursuant to California Civil Code § 3426, *et seq.***
**(Against OneStopParking)**

46.     Way repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

47.     Way's Proprietary Information includes trade secrets and confidential information that derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

48.     Way's Proprietary Information is subject to efforts that are reasonable under the circumstances to maintain their secrecy.

49.     Way is informed and believes that OneStopParking aided and abetted Singh in the misappropriation of Way's confidential and trade secret Proprietary Information by aiding and abetting Singh's disclosure to their ventures related to parking services, including OneStopParking, and the use of Way's confidential and trade secret Proprietary Information, in violation of their confidentiality agreement with Way and did so without Way's consent.

50.     OneStopParking's aiding and abetting of Singh's misappropriation has caused and continues to cause Way damages and irreparable injury.

51.     OneStopParking's aiding and abetting of Singh's misappropriation is willful and malicious and thereby entitles Way to an award of exemplary damages.

52.     OneStopParking's aiding and abetting of Singh's misappropriation of Way's confidential and trade secret Proprietary Information has caused and will continue to cause Way irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting OneStopParking from further aiding and abetting Singh's use or disclosure of Way's confidential and trade secret Proprietary Information is necessary to provide Way with complete relief.

1

2

<u>**COUNT V**</u>
**Violation of the Computer Fraud and Abuse Act pursuant to 18 U.S.C. § 1030**
**(Against Singh)**

3    53.    Way repeats, realleges, and incorporates by reference, as if fully set forth herein, the

4    allegations of the preceding paragraphs, as set forth above.

5    54.    Way's company network, file servers, laptops, and other computers (hereinafter,

6    "**Way's IT Resources**") are password protected and access requires Way's authorization.

7    55.    Way's IT Resources are used in and affect interstate commerce or communications.

8    56.    Prior to Singh's resignation, Singh knowingly and with the intent to defraud exceeded

9    his authorized access to Way's IT Resources.

10    57.    Upon termination of his employment, Way expressly prohibited Singh from accessing

11    Way's IT Resources.  Singh knew he was not authorized to access Way's IT Resources after

12    termination of his employment.

13    58.    By means of his improper and unauthorized access, Singh obtained Way's Proprietary

14    Information.

15    59.    Singh's improper and unauthorized access damaged Way, including but not limited to

16    impacting the integrity of Way's Proprietary Information.

17    60.    In response to Singh's improper and unauthorized access, Way conducted an

18    investigation to determine the circumstances of the improper and unauthorized access, the damage

19    such access caused, and how to respond to halt the unauthorized access and mitigate the damage.

20    This investigation and remediation utilized significant company resources, including the time and

21    attention of senior executives and employees, resulting in losses in excess of $5,000.

22    61.    As a direct and proximate result of Singh's improper and unauthorized access, Way

23    has been damaged, and is likely to continue to be damaged, and Singh has been unjustly enriched.

24    Way is entitled to compensatory damages and disgorgement of any and all profits Singh made as a

25    result of his wrongful conduct, in amounts to be proven at trial, an injunction prohibiting Singh from

26    accessing Way's IT Resources without Way's explicit authorization, and other equitable relief.

27    62.    Singh's actions have caused and will continue to cause Way irreparable harm if not

28    preliminarily and permanently enjoined.

Case 3:18-cv-04819-JCS   Document 1   Filed 08/09/18   Page 11 of 13


63.     Way has no adequate remedy at law.

### COUNT VI
### Breach of Written Contract
### (Against Singh)

64.     Way repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

65.     Singh's PIIA is a valid and enforceable contract with Way.

66.     Way has duly performed all conditions, covenants, and promises required on its part to be performed pursuant to the PIIA.

67.     Singh has breached his contractual obligations to Way under the PIIA by, *inter alia*, failing to adhere to the express confidentiality provisions contained within the PIIA.

68.     Singh has breached his contractual obligations to Way under the PIIA by, *inter alia*, failing to adhere to the provision that he will not use Way's Proprietary Information other than for the benefit of Way.

69.     Singh has also breached his contractual obligations to Way under the PIIA by, *inter alia*, failing to adhere to the express provision concerning non-compete and non-diversion of Way's business.

70.     As a direct and proximate result of Singh's breaches of contract, Way has incurred and continues to incur damages and irreparable injury, including without limitation, the loss of sales and profits it would have earned but for Singh's actions, and damage to Way's reputation among potential and existing customers, business partners, investors, and in the industry in general.

71.     As specified in the PIIA, and agreed to and acknowledged by the parties, disputes relating to or arising out of a breach of the PIIA may cause Way to suffer irreparable harm and to have no adequate remedy or law.   Furthermore, as specified in the PIIA and agreed to and acknowledged by the parties, in the event of any breach or threat of breach of the PIIA, the other party will be entitled to injunctive relief in addition to any other remedies without any requirement to post bond.

### PRAYER FOR RELIEF

WHEREFORE, Way prays for judgment and relief as follows:

WAY.COM, INC.'S COMPLAINT -3:18-CV-4819

1.        For the entry of a judgment compelling Singh to specifically perform his obligations under the PIIA, including the return of, and/or confirmation in writing of the destruction of, Way's Proprietary Information;

2.        For entry of judgment in Way's favor that:

    (a)    Defendants have wrongfully misappropriated or used Way's Proprietary Information;

    (b)    OneStopParking wrongfully aided and abetted in misappropriating Way's Proprietary Information;

    (c)    Singh violated the CFAA by unlawfully accessing Way's IT Resources; and,

    (d)    Singh breached his PIIA contract.

3.        For entry of a preliminary injunction and permanent injunction for the following relief, or such other relief as the court may order:

    (a)    ordering Singh and OneStopParking to refrain from accessing or using Way's Proprietary Information or Way's IT Resources, for any purpose;

    (b)    ordering Singh to comply with all terms of the PIIA, including destruction or return of Way's Proprietary Information;

    (c)    ordering OneStopParking to refrain from using any data obtained from Singh; and,

    (d)    ordering Singh to identify all circumstances in which Singh has provided Way's Proprietary Information to third parties, and to ensure the return or destruction of all such technology and information;

4.        Compensatory damages.

5.        Disgorgement of profits.

6.        Constructive trust.

7.        Punitive and/or exemplary damages.

8.        Attorneys' fees and costs.

9.        Pre-judgment and post-judgment interest.

10.       Such further and other relief as the Court may deem proper and just.

1

## DEMAND FOR JURY TRIAL

2

3       Way demands trial by jury on all claims and issues so triable.

4    Dated:  August 9, 2018              By  /s/ *Ian N. Feinberg*
                                         Ian N. Feinberg
5                                        Jeremiah A. Armstrong
                                         FEINBERG DAY ALBERTI LIM & BELLOLI LLP
6                                        1600 El Camino Real, Suite 280
                                         Menlo Park, CA  94025
7                                        Telephone: 650 618-4360
                                         Facsimile: 650 618-4368
8                                        ifeinberg@feinday.com
                                         jarmstrong@feinday.com
9
                                         *Attorneys for Plaintiff*
10                                       Way.com, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28